Hillsborough,
Feb. 1, 1949. } No. 3778.

EMERY M. BUSSEY *v.* MERCY B. BUSSEY.

*George R. Scammon* (by brief and orally), for the plaintiff.

*Robert J. Doyle* (by brief), for the defendant.

KENISON, J. The Trial Court was confronted with a situation where either the granting or the dismissal of the petition would be prejudicial to an innocent party. The power of the court to vacate such decrees is not questioned, but generally, and in particular in this state, "there has always been a manifest reluctance to disturb a final judgment of divorce, especially after a second marriage involving the

interests of third persons." *Adams* v. *Adams*, 51 N. H. 388, 396. After a long lapse of time and change in status of persons upon faith in the validity of the decree, "this power will always be exercised with great caution." *Id.*, 399. In the former transfer of this case the guiding principles were stated in the following language: "It is true that after the libelant has remarried, had one or more children by the later marriage and died, the power to vacate the divorce decree should be exercised only with great caution. . . . Moreover the status of an innocent second wife and of any children of hers should be considered as well as any fraud on the first wife." *Bussey* v. *Bussey*, 94 N. H. 328, 330, 331.

. Whether the fraud is considered as extrinsic or intrinsic (88 A. L. R. 1201) the granting of relief from a divorce decree is governed by general equitable considerations. Restatement, Judgments, *ss.* 117, 127. In such cases the question of what justice requires is a question of fact to be determined by the Trial Court in the exercise of a reasonable discretion. *Melvin* v. *Melvin*, 73 N. H. 602; *Sandberg* v. *Sandberg*, 81 N. H. 317.

This is a case where the petition seeks "in practical effect, to destroy rather than preserve a 'personal *status*' which is 'of the highest importance to the parties and to the community.'" *Tuttle* v. *Tuttle*, 89 N. H. 219, 221. We cannot say as a matter of law that the Trial Court's decision lacks support in the record in view of the long lapse of time and the change of status of other innocent third parties in reliance on the divorce decree of 1927. Cf. *Cote* v. *Cote*, 94 N. H. 372.

*Exceptions overruled.*

All concurred.