# United States Court of Appeals
## For the First Circuit

---

No. 01-1263

KATHLEEN HARDY,

Plaintiff, Appellant,

v.

LOON MOUNTAIN RECREATION CORPORATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

---

Before

Lipez, Circuit Judge,
Coffin, Senior Circuit Judge,
and Barbadoro,* District Judge.

---

Robert G. Eaton, with whom Michelle LaCount, Christopher E. Ratte, and Kalil & LaCount, were on brief, for appellant.
Corey M. Belobrow, with whom Devine & Nyquist was on brief, for appellee.

---

*Of the District of New Hampshire, sitting by designation.

January 8, 2002

**COFFIN, Senior Circuit Judge.** Appellant Kathleen Hardy fell on a path at the top of Loon Mountain, breaking her leg. She claims that appellee Loon Mountain Recreation Corporation ("Loon Mountain" or "Loon") was responsible for her injury. The district court concluded that a New Hampshire recreational use statute immunized appellee from liability and thus granted summary judgment for the company. We affirm.

## I. Background

Loon Mountain operates a recreational area on United States Forest Service land in Lincoln, New Hampshire, under a special use permit that gives the company a nonexclusive right to offer recreational programs at the site. Loon's mainstay during the winter months is its operation of a ski area. In the summer, its activities include a gondola ride to the top of the mountain. The mountain peak houses sightseeing activities, a snack bar, and hiking paths. Under the terms of the Forest Service permit, visitors may hike and sightsee in the area without paying a fee.

On August 2, 1998, appellant visited Loon Mountain with several companions. After entering the gondola house at the bottom of the mountain and reading information about the varied activities at the top, each member of appellant's group paid five dollars to ride Loon's gondola to the top of the mountain.

Once they arrived at their destination, they saw a sign directing visitors to various activities. Loon did not charge admission fees for any of the activities offered at the mountain's crest. Appellant visited the snack bar and the glacial caves, and saw a live presentation by "the Mountain Man" (who regaled the visitors with tales of "folklore, legend, and local history"). Appellant accessed Loon's various activities on paths, bridges and wooden stairways constructed and maintained by Loon. Appellant fell and suffered her injuries on the way back to the gondola.

Appellant brought this diversity tort claim, alleging that appellee negligently designed, constructed and maintained the path where she fell, failed to warn her of a hazardous condition, and provided her inadequate emergency service after her fall. The district court granted appellee's motion for summary judgment, holding that a New Hampshire recreational use statute rendered Loon immune from liability.

## II.  Standard of Review

We review a grant of summary judgment de novo, examining the record in the light most favorable to the non-moving party. See Euromotion, Inc. v. BMW of N. Am., Inc., 136 F.3d 866, 869 (1st Cir. 1998). Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving

-4-

party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  The facts here are largely undisputed, so we focus mainly on the legal question of the applicability of New Hampshire's recreational use statutes.

### III.  Discussion

New Hampshire, like most other states, has enacted statutes granting immunity to landowners who allow the public to access their land for recreational purposes.  The statutes, however, are not limitless: although their precise wording differs, there is no immunity if the landowner charges the public for access to the land.  Both the statutes and their exceptions are logical because they encourage free and open use of recreational space.  When landowners directly profit from such access, however, it is only fair that they be subject to liability for their negligent actions.

In response to appellant's negligence allegations, appellee sought to invoke two of New Hampshire's recreational use statutes, N.H. Rev. Stat. Ann. §§ 508:14 and 212:34, contending they both were applicable because Loon did not charge for the activities at the top of the mountain.  The district court found § 508:14 dispositive, and thus did not address § 212:34.  We agree that § 508:14 confers immunity upon Loon, and we therefore also do not consider the second provision.

-5-

The statute pertinently provides that "[a]n owner, occupant, or lessor of land . . . who without charge permits any person to use land for recreational purposes . . . shall not be liable for personal injury or property damage. . . ." N.H. Rev. Stat. Ann. § 508:14 (emphasis added). "Charge" is not defined. Appellant argues that the word "charge" should be construed broadly to include her five-dollar gondola fee. She also contends that § 508:14's legislative history is inconsistent with a finding of immunity here, because the statute was intended to convey immunity only for gratuitous temporary use of land (for events such as horse shows) and for off-road vehicles.

The New Hampshire Supreme Court has not addressed the contours of the term "charge" as used in § 508.14; we must therefore divine its likely construction. See Stratford Sch. Dist., S.A.U. #58 v. Employers Reinsurance Corp., 162 F.3d 718, 720 (1st Cir. 1998) (a federal court sitting in diversity must predict how the state court would resolve a novel legal issue by looking to analogous decisions in other jurisdictions). We believe the district court correctly concluded that the New Hampshire court likely would adopt the majority view that "charge" means an actual admission fee paid for permission to enter the land for recreational purposes. See Howard v. United States, 181 F.3d 1064 (9th Cir. 1999) (payment of fee to private

-6-

instructor for sailing lessons in restricted military harbor is not a charge by the government); <u>Wilson</u> v. <u>United States</u>, 989 F.2d 953 (8th Cir. 1993) (fee for use of facilities in campground not a charge to use the surrounding land); <u>Flohr</u> v. <u>Penn. Power & Light Co.</u>, 800 F. Supp. 1252 (E.D. Pa. 1992) (no charge to access recreational activities where only fee paid was to rent campsite); <u>Livingston</u> v. <u>Penn. Power & Light Co.</u>, 609 F. Supp. 643, 648 (E.D. Pa. 1985) (easement and license fees to access a lake "cannot logically be considered . . . 'quid pro quo[s]'" and thus are not charges); <u>Majeske</u> v. <u>Jekyll Island State Park Auth.</u>, 209 Ga. App. 118, 433 S.E.2d 304 (Ga. App. 1993) (parking fee does not constitute a charge where fee was per car, not per occupant, and any other means of accessing the park was free); <u>City of Louisville</u> v. <u>Silcox</u>, 977 S.W.2d 254 (Ky. Ct. App. 1998) (same).[1]

_____

[1] Appellant reasons that many of these cases are inapposite because the statutes at issue defined "charge." The definitions, however, are hardly novel, and are in line with the everyday plain meaning of "charge." <u>Compare</u>, <u>e.g.</u>, Pa. St. 68 P.S. § 477-2(4) ("[T]he admission price or fee asked in return for invitation or permission to enter or go upon the land.") <u>with</u> <u>The Random House Dictionary of the English Language</u> 347 (2d ed. 1983) ("[T]o impose or ask a price or fee. . . ."). Furthermore, because the plain meaning of the term "charge" leads to a sensible construction of the statute, we do not delve into its legislative history. <u>See</u> <u>In re 229 Main St. L.P.</u>, 262 F.3d 1, 10 (1st Cir. 2001) ("[R]ecourse to [legislative history] is impermissible to vary the words of an unambiguous statute where those words, straightforwardly applied, yield an entirely plausible result."); <u>New Hampshire</u> v. <u>Rothe</u>, 142 N.H. 483, 485,

Moreover, that construction is consistent with our holding in <u>Collins</u> v. <u>Martella</u>, 17 F.3d 1 (1st Cir. 1994), our only opinion considering the limits of New Hampshire's recreational use statutes. In <u>Collins</u>, we held that there was no charge for accessing a beach where residents paid dues to a beach association. <u>Id.</u> at 5. Our opinion turned on the crucial fact that the residents were permitted to use the beach regardless of whether they paid dues. Therefore, dues payments by some were inconsequential. Here, appellant concedes that she could have hiked to the mountain's summit for free; instead, she opted to pay five dollars to ride the gondola. Whatever mode of transportation she used to arrive at the summit is immaterial: the attractions there were free to all. The gondola fee, therefore, was not a "charge" for appellant's use of the land on which she was injured.

Appellant argues that the term "charge" should be broadly construed because the exemption from liability provided by § 508:14 is in "derogation of common law," <u>Collins</u>, 17 F.3d at 4, and thus must be given limited application. As explained <u>supra</u>, however, the critical flaw in appellant's argument is that the gondola fee was in exchange for the gondola ride, not for access to the attractions. Accepting appellant's argument

703 A.2d 884, 885 (1997) (same).

and taking it to its logical conclusion would require that any charge by Loon to facilitate access to its attractions would constitute a charge (such as a fee for a bus ride from a hotel to the base of the mountain). We think the New Hampshire Supreme Court would find that such tangential exchanges of money are not within the ambit of the term "charge," although the statute as a whole is narrowly construed.

Our construction of the term "charge" promotes sound public policy. If we were to construe the gondola fee as a charge, the result would be inconsistent applications of § 508:14. Under appellant's rationale, Loon would not be immune in her case, but would be exempted from liability for the same accident if the person had hiked up the mountain. Because the injury occurred in the course of an activity for which there was no charge, § 508:14 is applicable and the district court properly granted summary judgment for Loon Mountain.

**Affirmed**.