NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
Case No. 2023-0615
Citation: Adams v. Moose Hill Orchards, LLC, 2024 N.H. 58

CAROLINE ADAMS & a.

v.

MOOSE HILL ORCHARDS, LLC d/b/a MACK'S APPLES

Argued: April 30, 2024
Opinion Issued: October 11, 2024

Law Office of Manning Zimmerman & Oliveira, PLLC, of Manchester (Anna Goulet Zimmerman on the brief and orally), for the plaintiffs.

Bouchard, Kleinman & Wright, P.A., of Manchester (Nicholas D. Wright on the brief and orally), for the defendant.

MACDONALD, C.J.

[¶1] Plaintiff Caroline Adams suffered an injury to her spinal cord while sledding on property owned by the defendant, Moose Hill Orchards, LLC d/b/a Mack's Apples (Moose Hill). Adams and her husband, Christopher Estrella, sued the defendant for negligence and loss of consortium. The plaintiffs appeal an order of the Superior Court (Ruoff, J.) granting the defendant's motion to

dismiss based on recreational use immunity under RSA 508:14, I (2010 & Supp. 2023). We affirm.

## I. Background

[¶2] We assume the following facts, as alleged in the plaintiffs' complaint, to be true. In January 2022, the plaintiffs went to Moose Hill in Londonderry. Moose Hill allows the public to use a hill on its property for sledding at no charge. Moose Hill operates a seasonal stand "selling hot chocolate, hot cider, and other goods to sledders." While sledding, Adams suffered serious injury and, as a result, is paralyzed from the waist down.

[¶3] The plaintiffs commenced this action alleging negligence and seeking damages, including for loss of consortium. The defendant moved to dismiss, arguing in part that, as a landowner who makes its land available for recreational use at no charge, it is entitled to immunity under RSA 508:14, I. The trial court granted the defendant's motion. The plaintiffs moved for reconsideration, which the trial court denied. This appeal followed.

## II. Analysis

[¶4] On appeal, the plaintiffs argue that the trial court erred in dismissing their claims as barred by RSA 508:14. They assert that recreational immunity does not apply because they were on the defendant's property "for a purpose related to" the defendant's business and for which the defendant "customarily charges." (Bolding omitted.) They also argue that "[t]he nexus between [the defendant's] business and the use of the sledding hill" makes RSA 508:14, I, "inapplicable." (Bolding omitted.) The defendant counters that the trial court "correctly dismissed the plaintiffs' action as Moose Hill allowed the general public to access its land without directly charging a fee for use of the sledding hill." (Capitalization and bolding omitted.) The defendant argues that "[t]o the extent any business activity was occurring, it was incidental to the recreational use of the land that was provided without charge."

[¶5] When reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiffs' pleadings are reasonably susceptible of a construction that would permit recovery. Granite State Trade Sch. v. N.H. Mechanical Licensing Bd., 175 N.H. 708, 710 (2023). We assume the plaintiffs' pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiffs. Id. However, we need not assume the truth of statements in the plaintiffs' pleadings that are merely conclusions of law. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law. Id. We will uphold the trial court's grant of a motion to dismiss if the facts pleaded do not constitute a basis for legal relief. Id.

2

[¶6] Resolving the plaintiffs' appeal requires that we engage in statutory interpretation. We review the trial court's statutory interpretation de novo. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

[¶7] RSA 508:14, I, provides:

An owner, occupant, or lessee of land, . . . who without charge permits any person to use land for recreational purposes or as a spectator of recreational activity, shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage.

[¶8] This statute grants immunity from liability to landowners who "without charge" permit "any person to use land for recreational purposes." Id. The central issue in this case is whether the defendant permitted recreational use "without charge." We conclude that it did. The "recreational use" is sledding, and it is undisputed that the defendant permits sledding on its hill without charge. By the statute's plain terms, the defendant is immune from the plaintiffs' claims.

[¶9] The plaintiffs argue that the statute does not apply because the defendant's "business of running a farm market" and "seasonal stand that generated revenue" negates the statute's "without charge" requirement. In support, they rely on Soraghan v. Mt. Cranmore Ski Resort, 152 N.H. 399 (2005). In that case, the plaintiff sought recovery for injuries suffered while attending a skiing competition. Soraghan, 152 N.H. at 400. We observed that the core purpose of RSA 508:14, I, is to encourage public recreational use of privately-owned land. Id. at 402. To effectuate that purpose, a private landowner is entitled to recreational use immunity when the landowner "allow[s] any person as a member of the general public to use [its] land" and does so "without charge." Id. at 403 (quotation omitted). In determining that the ski resort did not qualify for recreational use immunity under RSA 508:14, we explained that "it would not further the purpose of the statute to limit the liability of a private landowner where an individual is on the premises for a purpose related to the landowner's business for which the landowner customarily charges." Id. Because the plaintiff was on the premises for that purpose — even though she herself did not pay a fee — we held that the statute did not apply. Id. at 401.

3

[¶10] The case before us is distinguishable from Soraghan. Unlike the ski resort, the defendant does not charge the public for access to its hill for sledding. Nor is the defendant "engaged in the business of recreational activities for profit." Id. at 401. Thus, the trial court correctly found that "because access to the land for recreational purposes was always free to the general public," the defendant is immune from liability for the plaintiffs' injuries.

[¶11] The plaintiffs further argue that because the defendant's sledding hill "entice[s] potential customers to their property to purchase . . . products from [its] farm market and seasonal stand," the sledding hill is, therefore, related to the defendant's business. But there is no allegation — nor any reasonable inference — that the defendant offers the use of its sledding hill as part of its business. The United States Court of Appeals for the First Circuit addressed a similar argument in Hardy v. Loon Mountain Recreation Corp., 276 F.3d 18 (1st Cir. 2002). There, the plaintiff visited the Loon Mountain ski area in the summer. Hardy, 276 F.3d at 19. She paid a fee to ride Loon's gondola to the top. Id. Once there, the plaintiff partook in several free activities. Id. On the way back to the gondola, the plaintiff sustained injuries in a fall and subsequently sued the defendant for negligence. Id.

[¶12] The First Circuit agreed with the trial court that RSA 508:14 conferred immunity upon the defendant. Id. at 20. The court rejected the plaintiff's argument that because she paid a fee for her use of the gondola, there was a "charge" for her use of the land. Id. at 21 (quotation omitted). The court reasoned that merely paying to ride the gondola was not the same as paying for access to the recreation area at the top of the mountain. Id. Indeed, the court noted, the plaintiff conceded that she "could have hiked to the mountain's summit for free." Id.

[¶13] We find this analysis persuasive. Here, similarly, the plaintiffs could have used the sledding hill without purchasing an item from the farm stand. The trial court found that "it is undisputed that the purchase of a hot beverage was voluntary and not required for" the plaintiffs to access the defendant's land for sledding. As the court reasoned, if the plaintiffs "chose to pay for a hot beverage, it would have been in exchange for the beverage, not for access to the sledding hill itself."

4

[¶14] Because access to the defendant's land for recreational purposes was without charge to the general public, RSA 508:14, I, applies.  The trial court correctly granted the defendant's motion to dismiss.

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.