NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

―――――――――――――――

8th Circuit Court-Keene District Division
Case No. 2023-0398
Citation: Trombly v. City Cars, LLC, 2025 N.H. 25

KRISTEN TROMBLY & a.

v.

CITY CARS, LLC

Argued: September 10, 2024
Opinion Issued: June 5, 2025

Law Office of Steve J. Bonnette, P.C., of Keene (Steve J. Bonnette on the brief and orally), for the plaintiffs.

Shaheen & Gordon, P.A., of Concord (Olivia F. Bensinger and James J. Armillay, Jr. on the brief, and Olivia F. Bensinger orally), for the defendant.

MACDONALD, C.J.

[¶1] The plaintiffs, Kristen Trombly and Christopher Patria, purchased a used vehicle from the defendant, City Cars, LLC, a used car dealership. Within a few days of purchasing the vehicle, the plaintiffs began having issues with the vehicle's transmission. They sued the defendant, alleging, among other things, that the defendant violated the implied warranty of merchantability.

After a bench trial, the Circuit Court (<u>Ryan</u>, J.) concluded that the vehicle was not merchantable and that the defendant had not disclaimed the implied warranty of merchantability. The defendant appealed. We reverse.

I. Background

[¶2] The following facts are drawn from the trial court's order or are otherwise supported by the record. In April 2022, the plaintiffs found a used vehicle on the defendant's website that they were interested in purchasing. At the defendant's dealership, the plaintiffs were given an opportunity to test drive and inspect the vehicle. After their inspection, conversation with a salesperson, and a test drive, the plaintiffs decided to purchase the vehicle. They left the dealership with the vehicle that day.

[¶3] The plaintiffs testified that within a few days of purchasing the vehicle, "the transmission began to slip." They contacted the salesperson, who told them to bring the vehicle to a local repair shop. An employee at the repair shop informed the plaintiffs that the vehicle was low on transmission fluid and that the shop had added some.

[¶4] Over the next several days, the plaintiffs continued to have trouble with the transmission. The plaintiffs contacted the salesperson again, who told them to take the vehicle to another dealership. The dealership recommended to the plaintiffs that the transmission be replaced at the cost of $8,400 and that "servicing would not help." The plaintiffs contacted the defendant and "acknowledge[d] that they purchased the car 'as is' but wanted to know what the Defendant might do to help." The defendant "attempted to send a refund check of $500" to them but the plaintiffs returned the check and "indicated that they expected the Defendant to pay to fix the transmission (rebuild or replace) or issue a full refund and the vehicle would be returned."

[¶5] In July 2022, the plaintiffs filed a complaint against the defendant alleging, <u>inter alia</u>, a violation of the implied warranty of merchantability under New Hampshire's version of the Uniform Commercial Code (UCC), RSA chapter 382-A. Following a bench trial, the trial court found that: (1) the defendant dealership is a merchant; (2) the vehicle was not merchantable; and (3) the implied warranty of merchantability was not disclaimed. The trial court awarded damages to the plaintiffs. This appeal followed.

II. Analysis

[¶6] On appeal, the defendant argues that the trial court erred because it assessed merchantability "as the vehicle <u>currently</u> exists and not based on its condition at the time it was sold." The defendant also argues that the trial court erred in concluding that the vehicle was not merchantable, because the plaintiffs produced no evidence that the transmission was faulty when it was

sold.  The plaintiffs argue that the trial court correctly concluded that "the [vehicle] was not merchantable when it was sold."  (Bolding and capitalization omitted.)  We agree with the defendant.

[¶7] When reviewing a trial court's decision rendered after a trial on the merits, we will uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous.  Gaucher v. Waterhouse, 175 N.H. 291, 295 (2022).  We do not decide whether we would have ruled differently than the trial court, but, rather, whether a reasonable person could have reached the same decision based upon the same evidence.  Id. at 295-96.  We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence.  Id. at 296.  It is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented.  Id.  We review the trial court's application of the law to the facts de novo.  Id.

[¶8] The UCC provides that, unless properly waived, a sale of goods is subject to an implied warranty of merchantability.  See RSA 382-A:2-314 (2011), :2-316 (2011).  The parties dispute whether the vehicle was merchantable within the meaning of the UCC.  We first address the question of when merchantability under RSA 382-A:2-314 is determined.

[¶9] Resolution of this issue requires that we engage in statutory interpretation.  We review the trial court's statutory interpretation de novo. Adams v. Moose Hill Orchards, LLC, 177 N.H. ___, ___ (2024), 2024 N.H. 58, ¶6.  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Id.  We also construe all parts of a statute together to effectuate its overall purpose.  Id.  However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme.  Id.

[¶10] RSA 382-A:2-314 provides, in relevant part:

(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind . . . .

3

(2) Goods to be merchantable must be at least such as

        (a) pass without objection in the trade under the contract description; and
        . . .
        (c) are fit for the ordinary purposes for which such goods are used.

RSA 382-A:2-314.

[¶11] Under RSA 382-A:2-314, the warranty that goods "shall be merchantable is implied in a contract for their sale." Id. A "contract for sale" is defined, in pertinent part, as a "present sale of goods." RSA 382-A:2-106(1) (2011). Therefore, by the statute's terms, the implied warranty arises at the time the sale is made. Cf. Dalton v. Stanley Solar & Stove, Inc., 137 N.H. 467, 471 (1993) (concluding that the implied warranty of fitness under RSA 382-A:2-315 arises at the time of sale). In the context of used vehicles, we have explained that "[o]rdinarily, for a motor vehicle to be merchantable, . . . it should be able to be used on a public highway." Roy v. Quality Pro Auto, 168 N.H. 517, 521 (2016) (quotation omitted). Thus, for a used vehicle to be merchantable, it should be able to be used on a public highway at the time of sale.

[¶12] We apply this standard to determine whether the record supports the trial court's conclusion that the vehicle was not merchantable at the time of sale. The evidence presented indicates that the plaintiffs drove the vehicle home on the day of purchase and continued to drive it for the next several days. The trial court found that "the transmission began to slip" "within a few days of purchasing the vehicle." The plaintiffs, who bore the burden of proof, did not offer any evidence to establish that a transmission slipping within a few days of purchase supports the conclusion that the vehicle was not merchantable at the time of sale as the statute requires. On that basis, we conclude that the trial court erred in its finding of non-merchantability.

[¶13] An implied warranty of merchantability applies to the condition of the goods at the time of sale. See RSA 382-A:2-314. Thus, the warranty is breached only if the defect existed when the goods left the seller's control. See id. Because the plaintiffs failed to prove this essential element of their claim — that the vehicle was not merchantable when it was sold — we need not determine whether the defendant properly disclaimed the implied warranty.

Reversed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.