NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Nashua Probate Division
Case No. 2023-0585
Citation: Wagner v. Chislett, 2025 N.H. 28


CAROL WAGNER

v.

SALLY CHISLETT & a.

Argued: January 14, 2025
Opinion Issued: June 24, 2025


Sheehan, Phinney, Bass & Green, PA, of Manchester (John-Mark Turner on the brief and orally), for the plaintiff.


Shaheen & Gordon, P.A., of Concord (Benjamin T. Siracusa Hillman, Stephanie K. Annunziata, and James J. Armillay, Jr. on the brief, and Stephanie K. Annunziata orally), for the defendants.


MACDONALD, C.J.

[¶1] The plaintiff, Carol Wagner, asserts that she is entitled to a surviving spousal share from the estate of John Chislett (the decedent). She seeks to rescind a quitclaim deed that she granted to the decedent, arguing that it was a product of fraud. The plaintiff also claims that a divorce decree obtained in the

Dominican Republic by the decedent in 1974 is invalid under New Hampshire law. The defendants, Sally Chislett, Kevin Chislett, and Wai Kwan Chislett, challenge the plaintiff's claims. The Circuit Court (Kissinger, J.) determined that: (1) the rescission action was barred by the statute of limitations; and (2) because the plaintiff waited forty-seven years to challenge the validity of the divorce decree, her claim was barred by laches. We affirm.

I. Background

A. Factual Background

[¶2] The following facts are drawn from the trial court's orders and from the evidence presented to the trial court. Because the plaintiff appeals orders granting a motion to dismiss and a motion for summary judgment, we recite the facts in the light most favorable to the plaintiff. See Szewczyk v. Continental Paving, 176 N.H. 148, 150 (2023) (reciting standards for motions to dismiss and summary judgment). The plaintiff and the decedent were married in 1958. In 1970, the couple moved to Brookline, New Hampshire and purchased property that they owned as joint tenants with rights of survivorship. The plaintiff and the decedent had two children.

[¶3] In the fall of 1973, the decedent informed the plaintiff that he wanted to relocate their family to Taiwan. In March 1974, the decedent told the plaintiff that he wanted a divorce and presented "several pieces of paper for her to sign." The documents included a "Seperation [sic] Agreement," which gave the decedent control over the couple's property and set custody terms for their children. Another document was titled "Defendant's Special Power of Attorney," which "purport[ed] to authorize appointment of an attorney to represent [the plaintiff] in the Dominican Republic for purposes of obtaining a divorce there." The plaintiff alleges that she signed the documents without reading them. After she signed the papers, the decedent traveled to the Dominican Republic and procured a divorce decree from the Dominican court system. When the decedent returned to New Hampshire, however, he told the plaintiff that he did not procure a divorce.

[¶4] In preparation for the family's move to Taiwan, the decedent asked the plaintiff to sign a quitclaim deed to him because "it would be easier to sell [the Brookline property] if [the deed] was only in his name rather than as joint tenants with rights of survivorship." The plaintiff executed a quitclaim deed to the decedent, which was recorded in the Hillsborough County Registry of Deeds.

[¶5] In July 1974, the plaintiff traveled to Illinois to stay with the decedent's mother while waiting for the decedent to return from Taiwan. The family had planned to leave from Illinois to move to Taiwan at the end of the summer. When the decedent returned, he presented the plaintiff with "what

purported to be a Dominican divorce decree, . . . the 'Seperation [sic] Agreement,' and their Catholic marriage certificate." The decedent told the plaintiff that "they were legally divorced [and] that he had registered the divorce with the State of New Hampshire." The two separated and began living apart.

[¶6] The plaintiff married Richard Wagner in 1983, and they remained married until Richard's death in 2020. The decedent married Sally Chislett in 1986. The decedent and Sally had two children, Kevin Chislett and Wai Kwan Chislett. The decedent and Sally remained married until the decedent's death in 2018.

B. Procedural Background

[¶7] Because the decedent was a resident of Alabama at the time of his death, a primary estate administration was opened there. In November 2021, Sally filed a "Petition for Estate Administration" in the circuit court to probate the Brookline property. The plaintiff filed a motion to intervene and submitted a waiver by surviving spouse form. She separately filed a petition, which contained five counts: (1) to quiet title to the Brookline property because her quitclaim deed "was the product of fraud"; (2) rescission of the quitclaim deed and separation agreement between the plaintiff and the decedent that they signed in 1974; (3) a declaratory judgment that the Dominican divorce decree is void under RSA 459:1; (4) a statutory share of the estate as a surviving spouse under RSA 560:10; and (5) damages and restitution based on the decedent's "misrepresentation[]" and "breach[] of fiduciary duty."

[¶8] The defendants moved to dismiss all counts. After a hearing, the trial court granted the defendants' motion as to counts one and two because they "are barred by the applicable statute of limitations."

[¶9] Following discovery, the parties cross-moved for summary judgment. After a hearing, the trial court granted summary judgment to the defendants on counts three and four. The court concluded that "the equitable defense of laches directs that [the plaintiff] cannot now claim to be the surviving spouse," thereby defeating her claims that the divorce decree is void and that she is entitled to a share of the estate. Because the plaintiff conceded that summary judgment on those counts would defeat her claim for damages and restitution, the trial court dismissed that count as well. This appeal followed.

II. Analysis

[¶10] On appeal, the plaintiff argues that the trial court erred by: (1) dismissing her quiet title and rescission claims as barred by the statute of limitations; and (2) granting the defendants' motion for summary judgment on the declaratory judgment claim.

3

[¶11] We first address the plaintiff's argument that the trial court erred by dismissing her quiet title and rescission claims as barred by the statute of limitations. When reviewing a trial court's grant of a motion to dismiss for failure to state a claim, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. Adams v. Moose Hill Orchards, LLC, 177 N.H. ___, ___ (2024), 2024 N.H. 58, ¶5. We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law. Id. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law. Id. We will uphold the trial court's grant of a motion to dismiss if the facts pleaded do not constitute a basis for legal relief. Id.

[¶12] A threshold question is which statute of limitation applies. The trial court analyzed the claim under RSA 508:4, which establishes the limitation period for personal actions, and, alternatively, analyzed the claim under RSA 508:2, which establishes the limitations period for actions involving real property. The trial court concluded that under each statute, the limitations period had expired.

[¶13] The plaintiff seeks to rescind the quitclaim deed that she granted to the decedent. We conclude that RSA 508:2 provides the applicable statute of limitations. RSA 508:2, as it existed in 1974, provided: "No action for the recovery of real estate shall be brought after twenty years from the time the right to recover first accrued to the party claiming it, or to some persons under whom he claims." RSA 508:2 (1968).

[¶14] Under these facts, the plaintiff's right to seek rescission of the quitclaim deed accrued, at the latest, when the decedent revealed to the plaintiff in July 1974 that he had obtained a divorce. Conrad v. Hazen, 140 N.H. 249, 251-52 (1995) (describing when a cause of action accrues). The plaintiff had actual notice that she deeded her interest in the property to the decedent when she signed the deed in April 1974. See Bilden Properties, LLC v. Birin, 165 N.H. 253, 258 (2013) (describing actual notice). She deeded her interest in the property to the decedent with the understanding that he would sell it to facilitate the family's move. In July 1974, the decedent informed the plaintiff that he had procured a divorce. Accordingly, the plaintiff knew or should have known at that time that she was defrauded into signing the quitclaim deed by the decedent. The plaintiff argues that the limitations period should be tolled because the separation agreement addressed the couple's property division and that it was fraudulently procured. The relief she seeks, however, is rescission of the quitclaim deed. By operation of its plain language, RSA 508:2 applies, and its limitation period has expired. Accordingly, the trial court did not err in granting the motion to dismiss the quiet title and rescission claims.

4

[¶15] We next address the plaintiff's argument that the trial court erred when it entered summary judgment in favor of the defendants on her request for a declaratory judgment that RSA 459:1 rendered the Dominican divorce decree ineffective. The defendants argue that laches precludes the plaintiff's claim, and the trial court agreed. We agree with the trial court.

[¶16] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III (2010). When reviewing rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Tremblay v. Bald, 176 N.H. 439, 442 (2024), 2024 N.H. 6, ¶8. We review the trial court's application of the law to the facts de novo. Id.

[¶17] RSA 459:1 provides: "A divorce obtained in another jurisdiction shall be of no force or effect in this state, if both parties to the marriage were domiciled in this state at the time the proceeding for the divorce was commenced." Its language has remained unchanged since it was enacted in 1949. See Laws 1949, 177:1.

[¶18] The parties dispute whether the decedent was a New Hampshire domiciliary at the time the divorce was commenced. However, regardless if the Dominican decree was rendered without "force or effect" by the statute, this court has observed that, "generally, and in particular in this state, there has always been a manifest reluctance to disturb a final judgment of divorce, especially after a second marriage involving the interests of third persons." Bussey v. Bussey, 95 N.H. 349, 349-50 (1949) (quotation and citation omitted). Specifically, "general equitable considerations" may preclude a person from challenging a divorce decree after a "long lapse of time" from when the decree was entered. Id. at 350.

[¶19] Laches is an equitable doctrine that, unlike a statute of limitations, "is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced — an inequity founded on some change in the conditions or relations of the property or the parties involved." Wood v. General Elec. Co., 119 N.H. 285, 289 (1979); see also Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 576 (2004) ("Laches is an equitable doctrine that bars litigation when a potential plaintiff has slept on [her] rights."). Because it is an equitable doctrine, laches will constitute a bar to suit only if the delay was unreasonable and prejudicial. Thayer v. Town of Tilton, 151 N.H. 483, 486 (2004).

5

[¶20] The plaintiff argues that RSA 459:1 "takes precedence" over equitable defenses. (Bolding and capitalization omitted.) We disagree. The probate division has exclusive jurisdiction over equitable matters arising under its subject matter jurisdiction. See RSA 498:1 (2010). The plain language of RSA 459:1 neither alters this allocation of jurisdiction nor displaces the principles set forth in Bussey. Rather, as Bussey instructs, a trial court may invoke equity to prevent a party from collaterally attacking a divorce decree. See Bussey, 95 N.H. at 349-50; see also Restatement (Second) of Conflict of Laws § 74 (1971) ("A person may be precluded from attacking the validity of a foreign divorce decree if, under the circumstances, it would be inequitable for him to do so."); id. § 74 cmt. b ("Such inequity may exist when action has been taken in reliance on the divorce or expectations are based on it or when the attack on the divorce is inconsistent with the earlier conduct of the attacking party."). The trial court was correct in considering the defendants' defense of laches.

[¶21] The plaintiff argues that even if the doctrine of laches applies, it presents questions of fact which preclude summary judgment. The trial court found that the plaintiff was "barred, as a matter of law, from now raising a claim of invalidity due to the unreasonable passage of time since she presented [the decree] as proof of divorce so as to marry Richard." It further found that the plaintiff's delay in "challenging the [decree] was unreasonable to the prejudice of [the defendants]." Our review of the record finds that it supports the trial court's conclusion.

[¶22] We have identified four factors in analyzing the application of laches: (1) the knowledge of the plaintiff; (2) the conduct of the defendants; (3) the interests to be vindicated; and (4) the resulting prejudice. Thayer, 151 N.H. at 486. There is no dispute as to the material facts supporting the trial court's conclusion: the plaintiff remarried in reliance on the 1974 divorce decree; she declared herself Richard Wagner's surviving spouse; she waited forty-seven years to challenge the decree's validity; and both Richard Wagner and the decedent have died. Additionally, the interests of those who relied on the validity of the decree weigh in favor of preventing the plaintiff from now challenging the divorce. Accordingly, the defendants are entitled to judgment as a matter of law. See RSA 491:8-a, III. As the plaintiff concedes, this conclusion compels affirming the trial court's dismissal of the count seeking restitution and damages.

[¶23] We have considered the plaintiff's remaining arguments and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

6