# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0233, <u>In the Matter of Danielle Desmarais and Ryan Desmarais</u>, the court on August 29, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The respondent, Ryan Desmarais (Husband), appeals an order from the Circuit Court (<u>Rauseo</u>, J.) in his divorce from the petitioner, Danielle Desmarais (Wife). On appeal, Husband challenges the duration of the alimony order. We affirm.

I. <u>Background</u>

The record supports the following facts. The parties were married in 2001. After they married, Husband and Wife each worked in the engineering field in Massachusetts. The parties' first child was born in 2003. In 2005, the parties moved to New Hampshire and Wife stopped working so that she could care for their child. After the move, the parties intended to rely solely on Husband's income. Their second child was born in 2006. Husband continued to be the primary income-earner for the entirety of the marriage.

The parties filed a joint petition for divorce in 2023. Following a hearing in January 2024, the court issued a final order. In addition to dividing the marital property equally, the court awarded alimony to Wife in the amounts of $2,059 per month until July 17, 2024, when their youngest child turned eighteen, and $3,119 per month from July 18, 2024 until June 2045. The trial court reasoned that because Wife left her employment to raise the children, her "ability to earn income over the next 20 years of her work life is significantly lower than [Husband] and significantly less than she would be earning if she had not left her employment as a traffic engineer in 2005." The trial court found that Husband "has more than 18 years of work history which has resulted in his income increasing by more than three times the amount he was earning in 2006." Therefore, the court concluded that Wife had "met her burden of proof that justice requires that the duration of alimony be extended beyond the [statutory] formula." <u>See</u> RSA 458:19-a, IV (Supp. 2024). Husband unsuccessfully sought reconsideration. This appeal followed.

II. Analysis

On appeal, the sole issue raised by Husband is the duration of the alimony award. Husband argues that the court's "20 year alimony term should be vacated as it is not supported by any factual findings that [Wife] could not become self supporting over the next 10 years pursuant to a statutorily compliant alimony award." We find no error.

The circuit court has broad discretion to award alimony. In the Matter of Routhier & Routhier, 175 N.H. 6, 15 (2022). Alimony determinations are based primarily upon the parties' income and need. Id. We review the court's alimony determination for an unsustainable exercise of discretion, and we will uphold its factual findings unless they are unsupported by the evidence. Id. This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. In the Matter of Braunstein & Braunstein, 173 N.H. 38, 47 (2020). We will not substitute our judgment for that of the trial court, nor will we reweigh the equities. Id.

Husband does not contest that alimony is appropriate in this case. Rather, he argues only that the trial court erred in extending the duration of the alimony term beyond the statutory guidelines. RSA 458:19-a, III governs a trial court's calculation of the duration of alimony. The statute provides that: "The maximum duration of term alimony shall be 50 percent of the length of the marriage, unless the parties agree otherwise or the court finds that justice requires an adjustment under paragraph IV." In turn, RSA 458:19-a, IV sets forth a non-exclusive list of "[s]pecial circumstances that may justify an adjustment," including: "[t]he degree and duration of any financial dependency of one party on the other"; "[v]ocational skills, occupation, benefits available from employment, and the present and future employability of both parties"; "[p]roperty awarded under RSA 458:16-a"; and "[a]ny other reason the court deems material and relevant." RSA 458:19-a, IV(b), (c), (f), (k).

Husband argues that "the record is void of any explanation as to the need for a noncompliant alimony term other than [Wife's] hiatus from the workforce and her desire to equalize the parties' future earning capacity." To the contrary, the trial court's order demonstrates that in deciding to extend the alimony term, it considered the RSA 458:19-a, IV factors and the parties' testimony regarding their financial circumstances. In extending the duration of the alimony award, the court relied on subsection IV(b), which allows a trial court to consider a spouse's "financial dependency" on the other spouse. RSA 458:19-a, IV(b). The trial court found that as a result of Wife "being nearly solely responsible for the care of the children," she is currently "economically injured" and "in a worse position financially." The court also relied on subsection IV(c), which provides that a trial court may consider the "present

2

and future employability of both parties," when it found that, because Wife has not worked in the engineering field for eighteen years, she would need additional education and training if she wanted to resume work as an engineer. RSA 458:19-a, IV(c).

Additionally, the trial court extended the alimony term because it was dividing the couple's marital property equally. A trial court may consider the "[p]roperty awarded under RSA 458:16-a" in deciding whether justice requires an adjustment from the statutory framework for alimony duration. RSA 458:19-a, IV(f). The court noted that even though "this case is suitable for an unequal division of assets," an extension of the duration of alimony to Wife "is a sufficient remedy to balance the contributions of the parties and the economic injury suffered" by Wife.

Because the record contains objective support for the trial court's findings, and because the trial court relied on the factors enumerated in RSA 458:19-a, IV, we conclude that the trial court did not err in extending the duration of alimony. See Braunstein, 173 N.H. at 47. Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred; BASSETT, J., dissented.

**Timothy A. Gudas,
Clerk**

BASSETT, J., dissenting. I disagree with the majority's conclusion that the trial court sustainably exercised its discretion when it granted Wife a term alimony award that is approximately double the length that the statutory guidelines provide. The purpose of term alimony is to allow both parties to maintain a reasonable standard of living. The trial court never made a finding that Wife needs a ten-year upward adjustment from the statutory guidelines to maintain a reasonable standard of living, nor does the record support such a finding. Accordingly, I would vacate the trial court's order and remand.

A trial court can "order term alimony upon agreement of the parties or in the absence of an agreement, at the request of either party . . . in a case for divorce." RSA 458:19-a, I (Supp. 2024). When an award of term alimony is contested, the court may order term alimony only if it finds that either: (1) the party in need lacks sufficient income, property or both to provide for the party's reasonable needs, taking into account the marital lifestyle and any necessary adjustments; or (2) the party in need is unable to be self-supporting through

3

appropriate employment or is allocated parental responsibilities that limit the party's employment opportunities.  Id.  In addition, the court must find that the prospective payor is able to meet the payor's own reasonable needs while meeting the reasonable needs of the party seeking alimony.  Id.  "The purpose of term alimony is to allow both parties to maintain a reasonable standard of living."[1]  Id.

"The maximum duration of term alimony shall be 50 percent of the length of the marriage, unless . . . the court finds that justice requires an adjustment under paragraph IV."  RSA 458:19-a, III (Supp. 2024).  Paragraph IV, in turn, provides a list of special circumstances that may support a finding that justice requires deviation from the formula amounts, duration limitations, or both.  See RSA 458:19-a, IV (Supp. 2024).  However, the list of "[s]pecial circumstances" that may justify an adjustment from the statutory guidelines does not negate the fact that an award of term alimony must satisfy the basic requirements of the statute.  See id.  Indeed, nothing in RSA 458:19-a, IV purports to recast the fundamental purpose of alimony.  See id.

Accordingly, when the statute is read as a whole, paragraph I authorizes a trial court to grant an award of alimony "to allow both parties to maintain a reasonable standard of living."  RSA 458:19-a, I.  Paragraphs II and III provide guidelines for what the maximum amount and length of alimony should be.  See RSA 458:19-a, II-III.  And paragraph IV provides that justice may require an adjustment from the guidelines.  See RSA 458:19-a, IV.  In my view, a determination that justice requires an upward adjustment from the guidelines can be made only to further the purpose of alimony, rather than to subvert it.  Adams v. Moose Hill Orchards, LLC, 177 N.H. 55, 57 (2024), 2024 N.H. 58, ¶6 (our principles of statutory construction require that "[w]e . . . construe all parts of a statute together to effectuate its overall purpose").  Here, the evidence does not support a finding that Wife could not attain a reasonable standard of living within the guidelines established by the statute — that is, within approximately eleven years.  Consequently, the court erred by making an upward adjustment from the guidelines.

This conclusion is consonant with the intent of the legislature.  The statutes governing alimony were significantly amended in 2018.  See RSA 458:19 (Supp. 2024); RSA 458:19-a (Supp. 2024); Laws 2018, ch. 310.  As the primary sponsor of Senate Bill 71 explained:

The language of this bill is the result of the extensive work of various stakeholders from both sides of the issue.  The bill

---

[1] I note that this statement of purpose is consistent with our case law in which we have observed that the purpose of alimony is "rehabilitative" and that its award should be "designed to encourage the recipient to establish an independent source of income."  In the Matter of Nassar & Nassar, 156 N.H. 769, 777 (2008) (quotations omitted).

provides guidance to judges and alimony proceedings creating a level of uniformity amongst the courts. Today, similarly situated divorcing couples are receiving significantly different alimony orders depending on their case. This unpredictability has resulted in more couples going to court to determine alimony as no one is willing to settle. The implementation of this bill will help to reduce litigation by providing couples with a guideline of the potential outcome far before they make it to a courtroom and resulting in more settlements.

N.H.S. Jour. 499 (2017) (remarks of Senator Carson). The purpose of the legislation is frustrated if the guidelines have no practical force or effect, and the trial court is instead permitted to award alimony that is untethered from the underlying purpose of alimony, see RSA 458:19-a, I, and unconstrained by the guidelines of the statute, see RSA 458:19-a, II-III.

Here, the record does not support the conclusion that "justice requires" that Wife receive alimony for twenty-one years. Wife represented to the trial court that "she does not intend to pursue re-education as a civil engineer," and would rather pursue a career in bookkeeping or accounting, and the court found that Wife "is going to require at least some form of education." However, the record also establishes that Wife has an undergraduate degree, two adult children, a certificate and part-time job in bookkeeping, and the ability and desire to complete courses to increase her earning capacity. Accordingly, I conclude that this record does not provide an objective basis sufficient to support a finding that justice requires a ten-year adjustment over and above the length of the maximum guideline alimony award.[2] Cf. Henry v. Henry, 129 N.H. 159, 162-63 (1987) (finding that spouse suffering from progressive debilitating illness with "little hope for an independent lifestyle" justified request for extension of alimony); In the Matter of Letendre & Letendre, 149 N.H. 31, 39-40 (2002) (finding age of wife, lack of high school degree, disability, length of marriage, and fault of husband supported award of extended alimony in light of parties' widely disparate annual incomes).

Finally, I note that the trial court explained in its order that it extended the alimony term because it was dividing the couple's marital property equally. Accordingly, I would vacate the trial court's property division award, and remand for the trial court to reconsider its property division after crafting a statutorily compliant alimony award. For these reasons, I respectfully dissent.

---

[2] Indeed, if it is a sustainable exercise of discretion to nearly double the statutory guidelines for alimony in a case such as this, where Wife has a bachelor's degree, work history, and two adult children, then it is difficult to imagine a circumstance when a trial court could unsustainably exercise its discretion vis-à-vis the guidelines.